IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS AUSTIN HOYLE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-3049 |
| | : | |
| PATRICK A. CROZIER, *et al.* | : | |
| Defendants. | : | |

**MEMORANDUM**

**RUFE, J.**                                                                                                    **October 12, 2022**

Plaintiff Nicholas Austin Hoyle brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, based on his arrest and subsequent prosecution in state court. Hoyle seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Hoyle leave to proceed *in forma pauperis* and dismiss the Complaint in part with prejudice and in part without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.     FACTUAL ALLEGATIONS**[1]

Hoyle brings claims against nine officers of the Collingdale Police Department — Patrick A. Crozier, David Tyler, Thomas Scarpato, James MacIntosh, William Gordon, David McDonald, James Reardon, Brian Alexander, and Louis Grandizio ("Officer Defendants") — and a Magisterial District Judge — Lee Cullen Grimes — all of whom were involved in his arrest and prosecution. Hoyle alleges that on October 6, 2021, Defendants Tyler and Crozier sought a warrant for his arrest "without a positive identification of a suspect in an alleged murder

---

[1] The following facts are taken from the Complaint and publicly available records of which this Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim). The Court adopts the pagination supplied by the CM/ECF docketing system.

1

investigation."[2] Judge Grimes authorized the warrant, and Hoyle was arrested pursuant to the warrant on the same day.[3] The Officer Defendants "all participated in [Hoyle] being detained" as well as the investigation of the underlying crime.[4]

A preliminary hearing was held in Hoyle's case on November 19, 2021.[5] Defendants Tyler and Crozier testified at the hearing about their investigation.[6] Specifically, they testified that they obtained footage of the crime from a surveillance camera, allegedly "without a search warrant or an eyewitness identifying the suspect in the video."[7] They further testified that in the course of their investigation they learned that a person matching the description of the suspect in the video was seen swiping an EBT card at a nearby Wawa convenience store an hour before the crime occurred.[8] The store clerk was not able to identify the person swiping the card because that person was wearing a protective mask and a hooded jacket.[9] However, the store clerk apparently provided Tyler and Crozier with the number for the EBT card and the receipt from the transaction, which they used to obtain a search warrant to obtain the identity of the cardholder

---

[2] Compl. [ECF. No. 2] at 4.

[3] Compl. [ECF. No. 2] at 4.

[4] Compl. [ECF. No. 2] at 4.

[5] Compl. [ECF. No. 2] at 4.

[6] Compl. [ECF. No. 2] at 4.

[7] Compl. [ECF. No. 2] at 4-5.

[8] Compl. [ECF. No. 2] at 5.

[9] Compl. [ECF. No. 2] at 5.

from the Department of Public Welfare.[10] Hoyle was the individual associated with the card.[11] He was thereafter arrested, incarcerated, and charged with various crimes.

Public dockets reflect that, consistent with the allegations in the Complaint, Hoyle was charged with murder and related crimes in connection with events that occurred on October 4, 2021.[12] After a preliminary hearing held before Judge Grimes, the charges were held for court and transferred to the Delaware County Court of Common Pleas.[13] Hoyle's trial is currently set for February 13, 2023.[14] In the instant civil action, Hoyle alleges that he has been incarcerated for nine months without bail in connection with crimes of which he is innocent and in violation of his constitutional rights.[15] He seeks "immediate release from confinement" and $1,500,000.00 in damages.[16]

## II.    STANDARD OF REVIEW

The Court grants Hoyle leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[17] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the Complaint

---

[10] Compl. [ECF. No. 2] at 5.

[11] Compl. [ECF. No. 2] at 5.

[12] *Commonwealth v. Hoyle*, CP-23-CR-0005081-2021 (Del. Cnty. Ct. C.P.).

[13] *Commonwealth v. Hoyle*, MJ-32123-CR-0000141-2021 (Del. Cnty. Magisterial Dist. Ct.).

[14] *Hoyle*, CP-23-CR-0005081-2021.

[15] Compl. [ECF. No. 2] at 5-6.

[16] Compl. [ECF. No. 2] at 7.

[17] However, as Hoyle is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. 42 U.S.C. § 1997e.

fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),[18] which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[19] "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" [20] Conclusory allegations do not suffice.[21] As Hoyle is proceeding *pro se*, the Court construes his allegations liberally.[22]

### III.  DISCUSSION

#### A.  Claims For Injunctive Relief

Hoyle seeks immediate release from confinement. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[23] This means that Hoyle cannot pursue his request for release in a civil rights action such as this one—he must file a *habeas* petition if he seeks release

---

[18] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citation omitted).

[20] *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).

[21] *Iqbal*, 556 U.S. at 678.

[22] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

[23] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

on the basis that his confinement is unconstitutional.[24] Accordingly, Hoyle's claims seeking release from confinement will be dismissed.[25]  Hoyle's damages claims will be addressed below.

### B. Claims for Damages

Hoyle brings his claims pursuant to § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[26] For the following reasons, Hoyle's claims are not plausible.

#### 1. Claims Against Judge Grimes

Hoyle's claims against Judge Grimes are based on Judge Grimes's authorization of the warrant for Hoyle's arrest. However, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.[27] An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge."[28] Moreover, "[g]enerally . . . 'where a court has

---

[24] *See generally* 28 U.S.C. § 2241.

[25] *See Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim. Instead, the prisoner's only federal remedy is through a writ of habeas corpus after exhausting state remedies."). Nonetheless, nothing about this dismissal precludes Hoyle from filing a petition for a writ of habeas corpus should he choose to do so. The Court expresses no opinion on any claims Hoyle might raise.

[26] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[27] *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (citations omitted); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*).

[28] *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).

some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'"[29] Since it is apparent that Judge Grimes issued the warrant for Hoyle's arrest in his judicial capacity, he is entitled to absolute judicial immunity from Hoyle's claims against him.[30] The same is true for any claims Hoyle brings against Judge Grimes based on the Judge's handling of preliminary proceedings in Hoyle's criminal case, including any matters related to bail.[31]

### 2. Claims Against Officer Defendants

#### a. Claims Based on Arrest and Prosecution

Hoyle primarily brings claims against the Officer Defendants for arresting him pursuant to the arrest warrant. However, absolute quasi-judicial immunity protects officers from liability for damages based on acts authorized by a facially valid court order or warrant.[32] Importantly, nothing in Hoyle's Complaint suggests that the Officer Defendants otherwise violated Hoyle's

---

[29] *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

[30] *Friend v. Vann*, 614 F. App'x 593, 596 (3d Cir. 2015) (*per curiam*) ("Friend's allegations against Judge Vann stem from her signing an arrest warrant and presiding over the trial of one of Friend's acquaintances. These are official acts, which were not taken in the absence of jurisdiction, for which she is immune from suit."); *Mendoza v. Larotonda*, 270 F. App'x 157, 159 (3d Cir. 2008) (*per curiam*) (internal quotations and citations omitted) ("Judge Larotonda is immune from suit for issuing the bench warrant against Mendoza because judges enjoy a comparatively sweeping form of immunity for official acts taken in their functional capacity as judges.").

[31] *Coudriet v. Vardaro*, 545 F. App'x 99, 103 n.5 (3d Cir. 2013) (*per curiam*) (finding judicial immunity applied where plaintiff alleged "that Magistrate Judge Rossi's actions were illegal and unjust during his arraignment, bail hearing, and preliminary hearing").

[32] *See Russell v. Richardson*, 905 F.3d 239, 249 (3d Cir. 2018) (explaining that quasi-judicial immunity extends to officers acting properly under a warrant or other lawful process); *Valdez v. City & Cty. of Denver*, 878 F.2d 1285, 1286 (10th Cir. 1989) ("[A]n official charged with the duty of executing a facially valid court order enjoys absolute immunity from liability for damages in a suit challenging conduct prescribed by that order").

6

rights by virtue of the manner in which they executed the warrant.[33] Nor is there a plausible allegation that the warrant was facially invalid.[34] Hoyle's allegation that Defendants Tyler and Crozier sought the warrant "without a positive identification of a suspect in an alleged murder investigation"[35] is vague, especially since testimony at the preliminary hearing reflects that Defendants Tyler and Crozier were able to identify a basis for linking Hoyle to the charged crimes as a result of the information they obtained from Wawa and the Department of Public Welfare. Absent clearer allegations as to why the arrest warrant was not supported by probable cause, the Court cannot conclude that the warrant was facially invalid.[36] Thus, to the extent

---

[33] *See Russell*, 905 F.3d at 250 (explaining that "[q]uasi-judicial immunity extends only to the acts authorized by court order, *i.e.*, to the execution of a court order, and not to the manner in which it is executed").

[34] *See Scheing v. Fountain*, 729 F. App'x 175, 180 (3d Cir. 2018) (citation omitted) ("[T]he existence of a facially valid warrant renders an arrest objectively reasonable unless 'it is obvious that no reasonably competent officer would have concluded that a warrant should issue.'"); *Trainer v. Anderson*, 663 F. App'x 241, 243 (3d Cir. 2016) (*per curiam*) (explaining that when "an arrest is made pursuant to a warrant, a plaintiff can prevail in a § 1983 action in only limited circumstances, such as where the officer made false statements or omissions that created a falsehood in applying for a warrant, or where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" (internal quotations and citations omitted)).

[35] Compl. [ECF No. 2] at 4.

[36] *See Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."); *see also Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995) ("[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.").

7

Hoyle brings claims against the Officer Defendants for detaining him pursuant to the warrant authorized by Judge Grimes, his claims are barred by quasi-judicial immunity.[37]

To the extent Hoyle's Complaint can be understood to raise malicious prosecution claims against the Officer Defendants, these claims also fail. A plaintiff asserting a constitutional malicious prosecution claim must establish that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."[38] "Probable cause exists if there is a fair probability that the person committed the crime at issue."[39] "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction."[40] "[A] cause of action for malicious prosecution may be based on the prosecution of more than one charge, and the validity of the prosecution for each charge comes into question inasmuch as the plaintiff was subject to prosecution on each individual charge which[] . . . is likely to have placed an additional burden on the plaintiff."[41]

---

[37] *Lepre v. Tolerico*, 156 F. App'x 522, 525 (3d Cir. 2005) (*per curiam*) (citation omitted) ("Because defendants Carlson, Kosch, and McGraw acted pursuant to a valid bench warrant directing them to apprehend Lepre and to incarcerate him at the Lackawanna County Jail, they are entitled to absolute immunity.").

[38] *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009).

[39] *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (internal quotations omitted).

[40] *Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022).

[41] *Johnson v. Knorr*, 477 F.3d 75, 85 (3d Cir. 2007).

Here, the underlying criminal proceedings have not terminated at all, let alone terminated in Hoyle's favor. However, a malicious prosecution claim is not cognizable until favorable termination is achieved, because that is when the "favorable termination" element of the cause of action is complete.[42] Accordingly, the Court will dismiss any malicious prosecution claims because, at this time, the charges in question have not terminated in Hoyle's favor.

### b. Claims Based on Testimony

Although unclear, it is also possible Hoyle brings claims against Defendants Tyler and Crozier based on their testimony at the preliminary hearing. Individuals are entitled to absolute immunity from civil rights claims based on testimony in court, including at pretrial hearings.[43] Accordingly, any claims based on testimony that Defendants Tyler and Crozier proffered at the preliminary hearing are not plausible.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Hoyle's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Hoyle's false arrest and malicious prosecution claims for damages against the Officer Defendants,[44] will be dismissed without prejudice to Hoyle filing an amended complaint. The balance of the Complaint will be dismissed with

---

[42] *See Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) ("Accrual is the occurrence of damages caused by a wrongful act — when a plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." (internal quotations omitted)); *Rose v. Bartle*, 871 F.2d 331, 349 (3d Cir. 1989) (agreeing that "because favorable termination was a necessary element of their section 1983 claim, [plaintiffs] neither knew nor had reason to know of the injury that constituted the basis of their actions until such termination, and that, accordingly, their section 1983 actions did not accrue under federal law until such termination").

[43] *See Rehberg v. Paulk*, 566 U.S. 356, 369 (2012); *Williams v. Hepting*, 844 F.2d 138, 141 (3d Cir. 1988); *Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983).

[44] *supra* § III.B.2.a.

prejudice because amendment would be futile. An appropriate Order follows, which provides further instruction as to amendment.

                                  **BY THE COURT:**

                                   **/s/ Cynthia M. Rufe**

                                _____
                                **CYNTHIA M. RUFE, J.**