### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NICHOLAS AUSTIN HOYLE,**       : | |
|     **Plaintiff,**       : | |
|       : | |
| **v.**       : | **CIVIL ACTION NO. 22-3049** |
|       : | |
| **PATRICK A. CROZIER,** *et al.*       : | |
|     **Defendants.**       : | |

### ORDER

AND NOW, this 12th day of October 2022, upon consideration of Nicholas Austin Hoyle's Motion to Proceed *In Forma Pauperis* [ECF No. 1], Prisoner Trust Fund Account Statement [ECF No. 3], and *pro se* Complaint [ECF No. 2], it is hereby **ORDERED** that:

    1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

    2.    Nicholas Austin Hoyle, #21004927, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of George W. Hill Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Hoyle's inmate account; or (b) the average monthly balance in Hoyle's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Hoyle's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's

income credited to Hoyle's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of George W. Hill Correctional Facility.

4. The Complaint is **DEEMED** filed.

5. Hoyle's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as follows:

    a. Hoyle's false arrest and malicious prosecution claims for damages against all Defendants except for Judge Lee Cullen Grimes are **DISMISSED WITHOUT PREJUDICE** to Hoyle filing an amended complaint in accordance with paragraph six (6) of this Order; and

    b. The balance of the Complaint is **DISMISSED WITH PREJUDICE**.

6. Hoyle may file an amended complaint within thirty (30) days of the date of this Order only as to those claims the Court has dismissed without prejudice. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Hoyle's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Hoyle should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum, and he should not reassert any claims dismissed with prejudice. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court is **DIRECTED** to send Hoyle a blank copy of the Court's form

complaint for a prisoner filing a civil rights action bearing the above civil action number. Hoyle may use this form to file his amended complaint if he chooses to do so.[1]

8. If Hoyle does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.[2] *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) (citation omitted) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate."); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9. If Hoyle fails to file any response to this Order, the Court will conclude that Hoyle intends to stand on his Complaint and will issue a final order dismissing this case.[3] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

[3] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where

from inaction after issuance of an order directing him to take action to cure a defective complaint).

It is so **ORDERED**.

**BY THE COURT:**

 /s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**

---

a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) (citations omitted) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible.").