IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS AUSTIN HOYLE<br><br>**Plaintiff,**<br><br>v.<br><br>PATRICK A. CROZIER, et al.<br><br>**Defendants.** | CIVIL ACTION NO.  22-3049 |

### ORDER

**AND NOW,** this 12th day of January 2024, upon consideration of Plaintiff Nicholas Hoyle's Second Amended Complaint [Doc. No. 30], it is hereby **ORDERED** that:

1. The Clerk of Court is directed to amend the caption to reflect the Defendants named in the caption of the Second Amended Complaint: (1) Patrick A. Crozier; (2) David Tyler; (3) James MacIntosh; (4) Sean Johnson; (5) Kristina Andrews; (6) Susan O'Hara; (7) Collingdale Police Department; (8) Delaware County Criminal Investigation Division; (9) Sharon Hill Police Department; (10) Wawa Corporation; and (11) Department of Public Welfare Records.

2. The following claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and for the reasons stated in the accompanying Memorandum Opinion:

    a. All claims against Defendants Kristina Andrews, Susan O'Hara, the Collingdale Police Department, the Delaware County Criminal Investigation Division, the Sharon Hill Police Department, Wawa Corporation, and Department of Public Welfare Records are **DISMISSED WITH PREJUDICE**. The Clerk is directed to **TERMINATE** these Defendants.

      b.      All claims against Defendants Patrick A. Crozier, David Tyler, James MacIntosh, and Sean Johnson in their **official capacities** are **DISMISSED WITH PREJUDICE**.

      c.      All claims against Defendants Patrick A. Crozier, David Tyler, James MacIntosh, and Sean Johnson in their individual capacities challenging Hoyle's prosecution, detention pursuant to process, and/or conviction, as well as any requests for damages based on harm Hoyle allegedly suffered after being held pursuant to process are **DISMISSED WITHOUT PREJUDICE**. The dismissal is without prejudice to Hoyle filing a new case only in the event that his underlying conviction is reversed, vacated, or otherwise invalidated.

3.      The Clerk of Court is directed to issue summonses for Defendants Patrick A. Crozier, David Tyler, James MacIntosh, and Sean Johnson, so that Hoyle may proceed on his remaining Fourth Amendment claims against them, in their individual capacities, for damages limited to the time period of October 5 through October 7, 2021. Service of the summonses and the Second Amended Complaint shall be made upon the Defendants by the U.S. Marshals Service along with a copy of this Order and the Court's accompanying Memorandum Opinion. Hoyle will be required to complete USM-285 forms so that the Marshals can serve the Defendants. Failure to complete those forms may result in the dismissal of this case.

4.      All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The

certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> I, [name], do hereby certify that a true and correct copy of the foregoing [name of pleading or other paper] has been served upon [name(s) of person(s) served] by placing the same in the U.S. mail, properly addressed, this [number] day of [month], [year].
>
> _____
> (Signature)

5. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Hoyle is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

6. Hoyle is specifically directed to comply with Local Rule 26.1(f), which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Hoyle shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

7. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

8. In the event that a summons is returned unexecuted, it is Hoyle's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made.

9.      The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

It is so **ORDERED.**

**BY THE COURT:**

 /s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**