IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NICHOLAS AUSTIN HOYLE**<br><br>**Plaintiff,**<br><br>v.<br><br>**PATRICK A. CROZIER, et al.**<br><br>**Defendants.** | CIVIL ACTION NO.  22-3049 |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                                          **October 16, 2024**

Plaintiff Nicholas Austin Hoyle filed a Second Amended Complaint ("SAC") raising claims *pro se* against 11 named Defendants under 42 U.S.C. § 1983. The claims arise from a police investigation that led to Hoyle's arrest, prosecution, and conviction for third-degree murder and related charges in the Delaware County Court of Common Pleas.[1] After screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court dismissed the majority of Hoyle's claims and directed service of process only against Defendants Patrick A. Crozier, James MacIntosh, Sean Johnson, and David Tyler in their individual capacity as to certain Fourth Amendment claims. The remaining defendants now move to strike and dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants defendants' motions to dismiss.

---

[1] *Commonwealth v. Hoyle*, CP-23-CR-5081-2021 (Pa. Ct. Com. Pl. Del. Cnty.).

I. **BACKGROUND**

   A. **Factual Background**[2]

On October 4, 2021, around 9:17 am, Defendant Officer James MacIntosh of the Collingdale Borough Police Department discovered the dead body of Dwayne Williams at a Southeastern Pennsylvania Transportation Authority ("SEPTA") trolley stop at Woodlawn Avenue and MacDade Boulevard in Delaware County, Pennsylvania.[3] The medical examiner determined the cause of death to be a single gunshot wound to the chest.[4] Defendants Corporal Patrick A. Crozier and Detective David Tyler of the Collingdale Borough Police Department commenced a murder investigation.

Crozier and Tyler reviewed video surveillance from a neighboring business that showed Williams interacting with an unidentified person dressed in a unique black, white, and blue jacket, and then Williams clutching his chest and collapsing at approximately 1:30 a.m. on October 4, 2021.[5] Additional surveillance videos showed the same individual—in "Tan Timberland style boots" and the same unique jacket—at a Wawa location on MacDade Boulevard around 12:30 a.m. on October 4, 2021.[6] After watching the footage and noticing the individual using a card at checkout, Crozier requested the receipt from the Wawa transaction

---

[2] Plaintiff's factual allegations must be accepted as true for the purpose of deciding this motion to dismiss. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). The following facts were set forth in Plaintiff's Second Amended Complaint, Doc. No. 30, and his accompanying Exhibits, Doc. No. 42, and are accepted as true for purposes of this decision.

[3] Second Amended Complaint ("SAC") at 11 [Doc. No. 30]; Pl.'s Ex. E-5 [Doc. No. 42].

[4] Pl.'s Ex. E-6 [Doc. No. 42].

[5] Pl.'s Ex. E-6 [Doc. No. 42].

[6] Pl.'s Ex. E-6 [Doc. No. 42].

2

from a Wawa representative.[7] The receipt from the transaction showed that the purchase was made with an Electronic Benefits Transfer ("EBT") card.[8]

According to Hoyle, the receipt contained only the last four digits of the EBT card, and Crozier was required to follow up with the Wawa representative to request the entire EBT card number.[9] Hoyle alleges that the Wawa representative then provided the full EBT card number over the phone to Tyler, who then provided it to Crozier.[10] Crozier requested a search warrant for information of the EBT card user.[11] Crozier's affidavit stated that the original receipt he received from Wawa "noted that the EBT card number was 60076030012544397," without any mention of a follow-up call.[12] The search warrant for Department of Public Welfare Records ("DPW Records"), based on Crozier's affidavit, was signed by Magisterial District Judge Lee Cullen Grimes on October 6, 2021, at 11:22 a.m.[13] The search identified Hoyle as the EBT cardholder and provided his home address.[14] Crozier contacted MacIntosh and asked that he surveil the address DPW provided.[15] MacIntosh contacted Defendant Detective Sean Johnson of the Sharon Hill Police Department to assist with the surveillance.[16]

---

[7] Pl.'s Ex. E-6 [Doc. No. 42].

[8] Pl.'s Ex. E-6 [Doc. No. 42]. An Electronic Benefit Transfer ("EBT") card is a "pre-loaded debit card[] [that] allow[s] beneficiaries to purchase eligible food from qualifying retailers." *Three Bros. Supermarket Inc. v. United States*, No. 19-2003, 2022 WL 888814, at *1 (E.D. Pa. Mar. 25, 2022).

[9] SAC at 12 [Doc. No. 30].

[10] SAC at 13 [Doc. No. 30].

[11] Pl.'s Ex. C-1 [Doc. No. 42].

[12] Pl.'s Ex. C-3 [Doc. No. 42].

[13] Pl.'s Ex. C-1 [Doc. No. 42].

[14] Pl.'s Ex. E-7 [Doc. No. 42].

[15] SAC at 16 [Doc. No. 30]; Pl.'s Ex. E-7 [Doc. No. 42].

[16] SAC at 16 [Doc No. 30]; Pl.'s Ex. E-7 [Doc. No. 42].

In his SAC, Hoyle recounts the events leading up to his arrest on October 6, 2021:[17] MacIntosh and Johnson surveilled the property and observed Hoyle enter the passenger side of a Nissan Altima; the officers confirmed that Hoyle was the passenger of the vehicle, and then "conducted a warrantless vehicle stop;" MacIntosh and Johnson surrounded the car, held Hoyle and the driver at gunpoint, and shouted at them to put their hands in the air; MacIntosh stated, "don't try to run I will blow your [expletive] head off!"; Hoyle was "scared for his life . . . and urinated on himself;" both he and the driver of the car surrendered, and, at about 4:30 p.m., MacIntosh placed Hoyle under arrest and took him to the Collingdale Police Department, where he was read his *Miranda* warnings.[18] The arrest warrant was submitted to Judge Grimes that day, along with the other two warrants, but the arrest warrant was not signed until October 7, 2021.[19]

While searching Hoyle during his arrest, MacIntosh and Johnson recovered a wallet "similar to the wallet depicted in the Wawa camera footage."[20] Inside the wallet was an EBT card with the name Nicholas Hoyle on it with the card number 60076030012544397, matching the information provided by DPW Records.[21] Officers also recovered a firearm from inside Hoyle's waistband.[22]

---

[17] SAC at 17 [Doc. No. 30].

[18] SAC at 16-17 [Doc. No. 30].

[19] Pl.'s Ex. A-6 [Doc. No. 42].

[20] Pl.'s Ex. E-7 [Doc. No. 42].

[21] Pl.'s Ex. E-7 [Doc. No. 42].

[22] Pl.'s Ex. E-7 [Doc. No. 42].

At 5:24 p.m. on October 6, 2021, a search warrant for Hoyle's residence was approved.[23] Shortly thereafter, officers executed a search of Hoyle's residence and recovered, among other things, a pair of tan Timberland boots and a black, blue, and white jacket.[24]

### B.   Procedural Background

On August 1, 2022, while Hoyle was awaiting trial for murder and related charges in the Delaware County Court of Common Pleas,[25] he filed this civil action *pro se*, pursuant to 12 U.S.C. § 1983, against nine officers of the Collingdale Police Department and Judge Grimes.[26] Hoyle asserted deprivation of rights based on his arrest and prosecution.

This Court granted Mr. Hoyle leave to proceed *in forma pauperis* and dismissed Hoyle's Complaint for failure to state a claim.[27] Hoyle filed an amended complaint raising Fourth Amendment claims,[28] and this Court stayed the case pending the resolution of Hoyle's underlying criminal case in Delaware County.[29] While the case was stayed, Hoyle continued to file numerous requests to add additional factual allegations, defendants, and claims to his Amended Complaint.[30]

On September 28, 2023, Hoyle was convicted of third-degree murder, involuntary manslaughter, and related gun charges.[31] He was sentenced to 388 to 776 months imprisonment

---

[23] SAC at 17 [Doc. No. 30]; Pl.'s Ex. D-1 [Doc. No. 42].

[24] Pl.'s Ex. E-7 [Doc. No. 42].

[25] *See Commonwealth v. Hoyle*, CP-23-CR-5081-2021 (Pa. Ct. Com. Pl. Del. Cnty.).

[26] Compl. at 2-3 [Doc. No. 2].

[27] *Hoyle v. Crozier*, No. 22-3049, 2022 WL 712649, at *4 (E.D. Pa. Oct. 12, 2022).

[28] First Am. Compl. [Doc. No. 7].

[29] Order, Jan. 4, 2023 [Doc. No. 11]; *Commonwealth v. Hoyle*, CP-23-CR-5081-2021 (Pa. Ct. Com. Pl. Del. Cnty.).

[30] *See, e.g.*, Doc. Nos. 12, 18, 23.

[31] Crozier and MacIntosh's Mot. Strike and Dismiss, Ex. B at 4 [Doc. No. 50-1].

on January 29, 2024.[32] Hoyle appealed his conviction on May 23, 2024.[33] His appeal is pending, and Hoyle is currently serving his sentence at SCI Phoenix.[34]

On November 2, 2023, the Court lifted the stay in this case and directed Hoyle to file a comprehensive second amended complaint raising all his claims in the same pleading.[35] On November 20, 2023, Hoyle filed his SAC, naming individual officers, detectives, a Wawa representative, and an employee of the DPW Records in their individual and official capacities alongside police departments, DPW Records, and Wawa, seeking monetary damages for violations of his Constitutional rights as well as violations of various state and federal provisions.[36]

Hoyle's SAC was screened according to 28 U.S.C. § 1915(e)(2)(B)(ii).[37] On January 12, 2024, this Court dismissed Hoyle's SAC for failure to state a claim, "with the narrow exception of his Fourth Amendment claims against Crozier, Tyler, McIntosh, and Johnson [in their individual capacities], arising only from the limited period of October 5 to October 7, 2021."[38] In declining to dismiss these claims, the Court explained that:

> To be clear, it may well be that these remaining claims are ultimately barred. The Court's present decision is by no means a determination on the merits. Rather, the Court is directing service of the SAC on Defendants Crozier, Tyler, MacIntosh, and Johnson, because—in the absence of further factual development, including in particular the arguments Hoyle raised in his suppression motion and the state trial court's reasoning for rejecting those arguments—the Court cannot hold at

---

[32] Pl.'s Opp'n Br. at 4 [Doc. No. 63].

[33] *Commonwealth v. Hoyle*, 1370-EDA-2024 (Pa. Super. Ct.).

[34] *Commonwealth v. Hoyle*, 1370-EDA-2024 (Pa. Super. Ct.); Doc. No. 58.

[35] Order, Nov. 2, 2023 [Doc. No. 26].

[36] *See generally* SAC [Doc. No. 30].

[37] When a petitioner proceeds *in forma pauperis*, a court may dismiss "at any time" if the court determines that the action or appeal "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

[38] Mem. Op. at 19 [Doc. No 36]. *See also* Order, Jan. 12, 2024 [Do. No. 37].

this time that Hoyle's liberally construed allegations are subject to a categorical dismissal.[39]

Now, the remaining defendants have filed Motions to Dismiss, including as exhibits the transcript from the hearing on Hoyle's suppression motion[40] and the state trial court's reasoning for rejecting the arguments raised in his suppression motion,[41] and Hoyle has filed Exhibits in support of his SAC.[42] The Court now rules on the remaining defendants' motions to dismiss.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[43] "At this early stage of the litigation, [the Court must] accept the facts alleged in [the] *pro se* complaint as true, draw all reasonable inferences in [Plaintiff's] favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible . . . claim."[44] Conclusory allegations do not suffice.[45] Because Hoyle is proceeding *pro se*, the Court construes his allegations liberally.[46]

## III. DISCUSSION

Hoyle brings suit under 42 U.S.C. § 1983, which permits claims asserting the deprivation of constitutional rights against any person acting under color of law. "To state a claim under

---

[39] Mem. Op. at 18 [Doc. No. 36].

[40] Crozier and MacIntosh's Mot. Strike and Dismiss, Ex. C [Doc. No. 50-2].

[41] Crozier and MacIntosh's Mot. Strike and Dismiss, Ex. H [Doc. No. 50-2].

[42] *See* Doc. No. 41.

[43] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).

[44] *Shorter v. United States*, 12 F.4th at 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)) (quotation marks and original modifications omitted).

[45] *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

[46] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

§ 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[47]

Hoyle's remaining claims allege Fourth Amendment violations against four police officers in their individual capacities. These claims are based on the investigation into the murder of Dwayne Williams that ultimately led to the car stop and Hoyle's arrest on October 6, 2021.[48] Hoyle contends that: 1) the officers "unlawfully obtained [his] entire EBT card number" without a warrant,[49] 2) that the officers provided false statements in the sworn affidavits underlying the search and arrest warrants;[50] and 3) that the officers lacked a basis to seize the car and arrest him prior to an arrest warrant being issued.[51] Hoyle also generally alleges his arrest was an abuse of process.[52] He seeks monetary damages.[53]

The Court notes that Hoyle brought nearly identical claims in a pre-trial habeas corpus petition before another judge of this court around the same time he brought this § 1983 claim.[54] The court dismissed these claims as non-cognizable (as to falsifying the affidavit) and unexhausted (as to failing to secure a warrant for the full EBT number and his false arrest claim).[55] Hoyle may not use his § 1983 claim to collaterally challenge his conviction or

---

[47] *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

[48] SAC at 7 [Doc. No. 30].

[49] SAC at 13-14 [Doc. No. 30].

[50] SAC at 13-14 [Doc. No. 30].

[51] SAC at 17-18 [Doc. No. 30].

[52] SAC at 17 [Doc. No. 30].

[53] SAC at 10 [Doc. No. 30].

[54] *Hoyle v. Williams*, No. 22-3673, 2023 WL 5353882, at *2 (E.D. Pa. July 28, 2023); *Hoyle v. Williams*, No. 22-3673, 2023 WL 5354640, at *1 (E.D. Pa. Aug. 21, 2023).

[55] *Hoyle*, 2023 WL 5354640, at *1.

circumvent the proper procedure for appealing his conviction, and the Court will not permit him to do so here.[56]

Under *Heck v. Humphrey*, any claims that implicate the validity of Hoyle's state court conviction are barred.[57] "A determination of whether *Heck* applies requires a case-by-case fact-based inquiry into whether the claim implies the invalidity of the underlying conviction or sentence."[58] Further, the Supreme Court and the Third Circuit have both declined to apply *Heck* to bar claims where the alleged conduct precedes the issuance of legal process.[59] Hoyle's remaining claims, which are based on conduct that preceded the formal initiation of charges against him, could proceed without implicating the validity of his sentence.[60] Thus, the Court rules on the sufficiency of his pleadings.

### A. Unlawfully Obtaining EBT Card Number

Hoyle first alleges that it was an unlawful search and seizure in violation of the Fourth Amendment for the officers to request his full EBT card number from the Wawa representative without a warrant.[61] "The touchstone of Fourth Amendment analysis is whether a person has a

---

[56] 28 U.S.C. § 2254(b)(1); *see also Collins v. Sec'y of the Penn. Dep't of Corr.*, 742 F.3d 528, 541-42 (3d Cir. 2014); *Day v. Mahally*, 230 F. Supp. 3d 420, 424 (E.D. Pa. 2017).

[57] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (citing 28 U.S.C. § 2254).

[58] *Eddings v. Att'y Gen. of Pa.*, No. 22-2614, 2023 WL 1793934, at *2 (3d Cir. Feb. 7, 2023) (per curiam).

[59] *See Montgomery v. DeSimone*, 159 F.3d 120, 126 n.5 (3d Cir. 1998) (explaining that "[plaintiff's] claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in *Heck* which necessarily implicate the validity of a conviction or sentence" (citation omitted)). *See also McDonough v. Smith*, 139 S. Ct. 2149, 2159 n.8 (2019) (indicating that *Heck* left room for "at least some Fourth Amendment unlawful-search claims to proceed without a favorable termination"); *Patrick v. Kingston Police Dep't*, No. 23-1348, 2023 WL 5163897, at *2 & n.3 (3d Cir. Aug. 11, 2023) (per curiam) (treating Fourth Amendment claims for illegal search and false imprisonment differently than wrongful conviction and malicious prosecution claims under *Heck*).

[60] *See Heck*, 512 U.S. at 487 n.7 (highlighting the doctrines of harmless error, independent source, and inevitable discovery as reasons an unreasonable search may not imply a plaintiff's conviction was unlawful); *Eddings*, 2023 WL 1793934, at *2 (same); *Shelley v. Wilson*, 152 F. App'x 126, 129 (3d Cir. 2005) ("A claim for false arrest does not necessarily implicate the validity of a conviction or sentence.").

[61] SAC at 13-14 [Doc. No. 30].

'constitutionally protected reasonable expectation of privacy.'"[62] The Supreme Court has explained that "a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties."[63] This is true "even if the information is revealed on the assumption that it will be used only for a limited purpose."[64] Specifically, the Fourth Amendment does not protect information on credit, debit, and gift cards "routinely read by private parties at gas stations, restaurants, and grocery stores."[65]

Hoyle does not have a reasonable expectation of privacy to the EBT card number which he willingly gave to Wawa to purchase food and drink, and he makes no allegations that he did not voluntarily provide this information to Wawa. Whether the receipt contained the full EBT card number or officers had to make a follow-up request to request the full number is not material. Hoyle's unlawful search and seizure claim must be dismissed with prejudice.

### B. Providing False Statements on the Affidavits of Probable Cause for the DPW Records, Arrest, and Search Warrants

Hoyle next alleges that the sworn affidavits submitted to obtain the three warrants for his DPW Records, arrest, and search of his residence contain material misrepresentations that violated the Fourth Amendment and thus render the warrants invalid.[66] Specifically, he first

---

[62] *California v. Ciraolo*, 476 U.S. 207, 211 (1986) (quoting *Katz v. United States*, 389 U.S. 347, 360 (1976) (Harlan, J., concurring)).

[63] *Smith v. Maryland*, 442 U.S. 735, 743-44 (1979).

[64] *United States v. Miller*, 425 U.S. 435, 443 (1976).

[65] *United States v. Bah*, 794 F.3d 617, 630-31 (6th Cir. 2015). *See also United States v. Turner*, 839 F.3d 429, 436 (5th Cir. 2016) ("[S]ociety does not recognize as reasonable an expectation of privacy in the information encoded in a gift card's magnetic stripe."); *United States v. Briere de L'Isle*, 825 F.3d 426, 432 (8th Cir. 2016) ("[T]he purpose of a credit, debit, or gift card is to enable the holder of the card to make purchases, and to accomplish this, the holder must transfer information from the card to the seller, which negates an expressed privacy interest."); *United States v. Alabi*, 943 F. Supp. 2d 1201, 1285 (D.N.M. 2013) (holding that disclosure of electronic information on credit and debit cards "does not infringe on any person's right to be 'secure' in his or her person" and thus "the balance weights heavily in favor of the utility of law enforcement").

[66] The Court notes that the affidavits of probable cause for the three warrants—to DPW records, for Hoyle's arrest, and to search Hoyle's residence—are largely similar. *See* Pl.'s Exs. A, C, D [Doc. No. 42]. Thus, the Court construes Hoyle's complaint to challenge all three and addresses the three sworn affidavits together.

alleges that Crozier and Tyler provided false statements in the sworn affidavits when they indicated that the Wawa receipt had his full EBT number on it, when it in fact only included the last four digits.[67] He also alleges that Crozier and Tyler provided false statements in the sworn affidavits when they wrote "Nicholas Hoyle" rather than "suspect."[68]

"A litigant who challenges the validity of a search warrant on the basis that a law enforcement agent submitted a false statement . . . must prove by a preponderance that the agent knowingly and deliberately, or with reckless disregard for the truth, made false statements in applying for a warrant, and that the statements were material or necessary to the finding of probable cause."[69] Neither any misstatement about how the full number was obtained nor replacing "suspect" or "unknown individual" with Hoyle's name was material or necessary to the finding of probable cause. Hoyle's defective warrant claim must be dismissed with prejudice.

### C.  False Arrest and False Imprisonment

Hoyle next alleges false arrest and false imprisonment, arguing that because his arrest warrant was not formally issued until October 7, 2021 Johnson and MacIntosh violated his Fourth Amendment rights when they arrested him on October 6, 2021.[70] "The proper inquiry in a claim for false arrest under § 1983 is 'not whether the person arrested in fact committed the offense, but whether the arresting officers had probable cause to believe the person committed the offense.'"[71] As the Supreme Court has explained, "[t]o determine whether an officer had probable cause for an arrest, we examine the events leading up to the arrest, and then decide

---

[67] SAC at 13-14 [Doc. No. 30].

[68] SAC at 18 [Doc. No. 30].

[69] *Eddings*, 2023 WL 1793934, at *2 (citing *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), and *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)).

[70] SAC at 7 [Doc. No. 30].

[71] *Shelley*, 152 F. App'x at 129 (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)).

whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause. . . . [This] requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. Probable cause is not a high bar."[72]

It does not matter that Hoyle was arrested hours before the warrant for his arrest issued. Hoyle has not alleged that he was arrested without probable case. Even if Hoyle did make this allegation, here, even taking the facts alleged in the SAC as true and viewing them in the light most favorable to him, there was probable cause to support Hoyle's arrest. Among other things, multiple surveillance videos depicted a man wearing a unique blue, white, and black jacket and "tan Timberland style boots" at the SEPTA trolley stop in an exchange with victim before he was shot and purchasing items at a nearby Wawa. The EBT card used at the Wawa belonged to Hoyle, and Hoyle was located, apprehended, and arrested outside the address at which the EBT card was registered. Officers then recovered a jacket and shoes matching those in the surveillance video from Hoyle's residence. This factual basis is sufficient probable cause to support Hoyle's arrest and imprisonment. Hoyle's claims for false arrest and false imprisonment must be dismissed with prejudice.

### D. Abuse of Process

Finally, Hoyle alleges that his arrest was an abuse of process because the officers "procur[ed] an arrest when their duty was to only perform surveillance."[73] "[A] section 1983 claim for malicious abuse of process lies where 'prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law.'"[74] Hoyle presents no

---

[72] *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (internal quotations and citations omitted).

[73] SAC at 17 [Doc. No. 30].

[74] *Napier v. City of New Castle*, 407 F. App'x 578, 582 (3d Cir. 2010) (quoting *Rose v. Bartle*, 871 F.2d 331, 350 n.17 (3d Cir. 1989)).

evidence, nor alleges any facts, that suggest the officers arrested him "for any reason other than the one the law intended."[75] The officers had probable cause to arrest Hoyle when they did, even if they were originally performing surveillance.[76] Hoyle's claim for abuse of process must be dismissed with prejudice.

## IV. CONCLUSION

Hoyle's has failed to plausibly allege facts to establish plausible claims for relief for his remaining Fourth Amendment claims. Thus, the Court will grant Defendants' Motions to Dismiss with prejudice, as further amendments would be futile.[77] An order will be entered.

---

[75] *Adams v. Selhorst*, 779 F. Supp. 2d 378, 390 (D. Del. 2011).

[76] *See supra*, Section III.C.

[77] *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (finding amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").